**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WILLIE LEON GREEN                                                                        PETITIONER
ADC #108796

v.                                   Case No. 5:16-cv-00310 SWW-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the requested hearing before the United

>States District Judge was not offered at the hearing before the Magistrate Judge.

>3.   An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Willie Leon Green. (Doc. No. 1) After reviewing the parties' briefing and the available evidence, the undersigned recommends that the petition be denied and dismissed with prejudice.

## Background

Petitioner is serving consecutive sentences of life and thirty years after a Pulaski County Circuit Court jury found him guilty of the first-degree murder and attempted first-degree murder of two police officers in 1996. In this petition, he does not challenge his underlying conviction but instead challenges a prison disciplinary sanction for battery against another inmate in October of 2015.

According to the prison staff, Inmate Jeffery Tonkovich entered Petitioner's barracks and struck him in the face and upper body areas with closed fists. (Doc. No. 14, Disciplinary Violation, Petitioner's Exhibit B.) Inmate Tonkovich refused to provide a written statement,

but Petitioner provided a statement in which he advised that he did not know why the fight started. *Id.* The inmates were photographed and evaluated before being placed in segregation. For Petitioner's part, he was charged with rule violation 04-08, battery - use of force on an inmate. From the outset, Petitioner pleaded self defense. He was nevertheless found guilty and ordered to serve thirty (30) days in punitive isolation and his good-time class was reduced from Class I-C to Class IV.

Petitioner sought administrative review. The sanctions were affirmed at every level until December 4, 2015, when a disciplinary hearing administrator determined that he "must modify the decision of the major disciplinary hearing officer. I am suspending your punishment of Class IV, 30 day Punitive Isolation for 90 days." (Doc. No. 14, Memorandum, Petitioner's Exhibit H.) Petitioner sought review of that decision, and on February 12, 2016, the appeal was denied because, although the grievance was determined to have merit, it was determined that the grievance had already been resolved at the unit level, warranting no further action. (Doc. No. 14, Chief Deputy/Deputy/Assistant Director's Decision, Petitioner's Exhibit E.) On May 2, 2016, Petitioner wrote to the Grievance Supervisor, noting that no action was taken at the unit level; that such error should be corrected; and that the file should be amended to find the grievance had merit. *(Id.* at Petitioner's Exhibit F.) The supervisor replied to Petitioner on May 10, 2016, stating that the appropriate action had been taken. (*Id.* at Petitioner's Exhibit G.) Included in his Exhibits, Doc. No. 14, Petitioner provides a January 5, 2016, Affidavit from the aggressor inmate, Jeffery Tonkovich, in which he admits that he did not know Petitioner prior to this incident and that he had been paid $100 and a small quantity of drugs to carry out the

attack on Petitioner. (*Id.* at Petitioner's Exhibit K.) This petition followed.

## Discussion

In this federal habeas action, Petitioner alleges that: (1) he was justified under state law to use defense measures to protect himself from harm, therefore, he was actually innocent of the disciplinary charge; (2) video footage, if viewed, would have proven exculpatory and exonerated him from the beginning, negating the need for the disciplinary charge; thus, his procedural due process rights were violated when the footage was neither viewed nor introduced; and (3) there was no evidence to support a disciplinary conviction. (Doc. No. 1, Petition.)

Respondent argues for dismissal on alternative grounds: (1) Petitioner's claims are not cognizable because changes in custody status and classification do not constitute "atypical and significant" hardships that trigger the protection of the due process clause; and (2) even if cognizable, the claim is without merit because Petitioner's disciplinary sanctions were suspended. (Doc. No. 7, Response.)

In rebuttal, Petitioner avers that his sanctions were not suspended until after he had served twenty-seven (27) days in punitive time and an additional thirty (30) days of administrative segregation. He also notes that he was never restored to his original job assignment, arguing the disciplinary should have never been written at the outset because he was engaging in conduct protected by law, defense of justification. (Doc. No. 13, Reply.) Further, Petitioner suggests that, once it was determined that the disciplinary action should not have been given, it should have been dismissed, rather than suspended because he was innocent. (*Id.*) He

refutes Respondent's application of *Sandin v. Conner*, 515 U.S. 472 (1995), to his case, arguing that it does not apply here because there was no evidence of guilt.  Petitioner argues instead that he has a liberty interest at stake in that, should he seek clemency, this disciplinary on his record might affect him negatively.  (*Id.*)   Therefore, Petitioner prays the Court grant him habeas relief and expunge the disciplinary from his institutional and Arkansas Department of Correction (ADC) files.  Petitioner seeks habeas relief before challenging his disciplinary pursuant to 42 U.S.C. § 1983.  (*Id.*)

> "Federal law opens two main avenues to relief on complaints related to imprisonment:" a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). The essence of habeas corpus "is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas is thus the exclusive remedy when an attack "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Id.* at 489. Where the length of an inmate's confinement is affected by the loss of good-time credits as a result of an adverse prison disciplinary decision, federal habeas is the exclusive federal forum for claims challenging those disciplinary decisions. *Portley–el v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002).

*Wells v. Norris*, No. 5:07-CV-00250 JWC, 2008 WL 1994929, at *2 (E.D. Ark. May 6, 2008).

None of Petitioner's claims amount to cognizable federal claims.  A federal court may issue a writ of habeas corpus only for a violation of the Constitution, laws or treaties of the United States.  28 U.S.C. §§ 2241, 2254.  There is no federal constitutional interest in having state officers follow state law or prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).  Therefore, these claims are not cognizable as Respondent suggests.

Further, to the extent Petitioner raises a due process claim, it must also fail. The Due Process Clause does not protect prisoners from every adverse change in their confinement and does not, itself, create a protected liberty interest in any particular prison classification, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); any particular job assignment, *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); or any particular outcome in a clemency proceeding, *Sandin v. Conner*, 515 U.S. at 484. *Cf Noel v. Harris*, 336 F.3d 648, 649 (8th Cir. 2003) (citing *Young v. Hayes*, 218 F.3d 850, 853 (8th Cir. 2000) ("if the state actively interferes with a prisoner's access to the very system that it has itself established for considering clemency petitions, due process is violated."). It is undisputed that none of the disciplinary sanctions imposed on Petitioner—class reduction and punitive isolation—had any effect on the duration of his term of confinement, as contemplated by *Sandin*. Moreover, Petitioner is not entitled, under *Sandin*, to damages for time he spent in segregation prior to the suspension of his disciplinary. *In Sandin*, the Supreme Court held that an inmate has no protected liberty interest in remaining in the general population absent a showing of discipline in segregated confinement which amounts to atypical, significant hardship. *Sandin v. Conner*, 515 U.S. at 485-86. Petitioner's stay in segregation was not a major disruption in his environment, and there is no liberty interest in avoiding segregation unless the conditions of confinement present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Wolff v. McConnell*, 418 U.S. 539, 555 (1974); *see also Sandin v. Conner*, 515 U.S. at 486. As has been noted previously, Petitioner is not entitled to be returned to his job assignment prior to the disciplinary, and finally, at the time of the petition, he had not sought clemency, only contemplated it;

therefore, no potential due process violations are even ripe for review.

## Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, dismissed, with prejudice and the relief prayed for be denied.

IT IS FURTHER RECOMMENDED that the Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 14th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE